*Clerk's Copy*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

AT ALBUQUERQUE NM

MAY 2 3 2000

ROBERT M. MARCH
CLERK

AGNES E. NILSEN,

        Plaintiff,

vs.

        No. CIV 99-879 JP/LFG

CORRECTIONS SERVICES CORPORATION,
BOB BASS, MABEL HENDERSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's "Motion to Amend Case, Certify as Class and Appointment of Counsel" [Doc. 42], and Plaintiff's "Motion for 45 Day Answer to Response Extension of Time" [Doc. 43]. The Court will deny the motions to amend, to certify a class, and for appointment of counsel, and will grant the motion for an extension of time to respond to Defendant's Motion to Dismiss.

### Background

Plaintiff Agnes E. Nilsen ("Nilsen") is a Montana state inmate who alleges that her constitutional rights were violated by Defendants while she was housed temporarily at the McKinley County Detention Center in Gallup, New Mexico. On August 5, 1999, Nilsen filed a *pro se* action, styled a petition for writ of habeas corpus, along with a memorandum giving additional details of her claims. The Court construes Nilsen's petition as a civil rights complaint *(see* Doc. 4).

On October 15, 1999, Nilsen sent a letter to the clerk of court [Doc. 12], in which she added new claims against Defendants. The letter was filed in the case and denoted a supplement to the original complaint. On October 28, 1999, Nilsen filed an amended complaint [Doc. 13], adding new defendants and claims. On December 2, 1999, Nilsen filed a "Motion to Supplement" [Doc. 14], which included 37 pages of attached argument and documents. Giving Nilsen's *pro se* pleadings a liberal treatment, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), the Motion to Supplement is deemed moot as Nilsen has already filed an amended complaint, and the additional documents submitted with Doc. 14 are considered to be part of the amended complaint.

On December 9, 1999, the Court dismissed several defendants from the case, and dismissed some of Nilsen's claims. Nilsen's January 10, 2000 "Motion to Reconsider Order" [Doc. 24] was denied. Also on December 9, 1999, Nilsen filed a "Motion to Add Supplement Complaint" [Doc. 18]. On December 16, 1999, she filed a "Motion to Supplement Above Cause Number and Join Complaints to Litigation" [Doc. 21]. Both of these motions were denied on April 27, 2000 [Doc. 44]. Nilsen's "Motion for Default Judgment" [Doc. 27] and "Motion to Issue Contempt of Court Charge, Arrest, and Fine" [Doc. 37] were also denied in the Court's order of April 27.

Defendants have not yet answered the complaint; however, on April 12, 2000, counsel for the three remaining defendants submitted an entry of appearance and a motion to dismiss the complaint. That motion is currently pending. On April 25, 2000, Nilsen filed two motions, the first seeking to amend the complaint, to certify a class, and to have counsel appointed [Doc. 42], the second requesting an extension of time to respond to Defendants' motion to dismiss [Doc. 43].

2

Defendants filed their response to the Motion to Amend and Certify on May 11, 2000. Having considered the pleadings and all other documents filed in this matter thus far, the Court finds that Nilsen's motions to amend, certify a class, and for appointment of counsel, are not well-taken and will be denied, but she will be given additional time to respond to Defendants' motion to dismiss.

## Motion to Amend the Complaint and Certify a Class

### A. Amending the Complaint to Create a Class Action

Nilsen's complaint as now configured (*see* Docs. 13-16), alleges violations of her First Amendment right of access to the courts, and of her Eighth Amendment right to adequate medical treatment and protection from threats and violent acts by other inmates.

In her Motion to Amend and Certify, she seeks to add two additional plaintiffs, Lori Doane and Marilyn Morris, as well as "all such Montana Women who were housed in Gallup New Mexico, McKinley County Facility under the Contract with Corrections Services Corporation" and to certify a class consisting of such women. Ms. Doane and Ms. Morris signed an affidavit, attached to the motion, in which they state only that "The women from Montana suffered horrendously in New Mexico, while under the supervision and care of Corrections Corporation, and joining as a Class Action will be superior to other methods in handling this controversy." No additional details of the claims asserted by Ms. Doane or Ms. Morris, or other putative class members, are presented in the motion or affidavit.

F. R. Civ. P. 23(a) establishes four prerequisites to certification of a class action. The rule provides that one or more members of a proposed class may sue as representative parties on behalf of all of the members only if:

3

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The four requirements of Rule 23(a) -- numerosity, typicality, commonality and adequacy of representation -- "are mandatory and the failure to establish any one of [them] is fatal to a motion for class action certification." Gonzales v. Int'l Training, No. 89-1267, slip op. at 6, (D.N.M. June 14, 1990) (Parker, J.); Rex v. Owens, 585 F.2d 432, 435 (10th Cir. 1978) (the "party seeking class action certification must demonstrate, under a strict burden of proof, that all of the requirements of 23(a) are clearly met").

Nilsen has failed to meet the numerosity prerequisite of Rule 23(a). She defines a class of "all such Montana Women who were housed in Gallup New Mexico, McKinley County Facility under the Contract with Corrections Services Corporation." She does not give a time period during which Montana women were housed in Gallup, nor does she give an estimate of the number of class members who come within her definition.

> In class actions suits there must be presented some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of the numerosity requirement. There is, however, not set formula to determine if the class is so numerous that it should be certified. The determination is to be made in the particular circumstances of the case. The duty of establishing those particular circumstances rests with the party who asserts the existence of the class and that party must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved.

Rex v. Owens, at 436. Plaintiff has failed to do this.

Nilsen has also failed to establish that there are questions of law and fact common to the

class. She does not provide any facts to support her claim that other Montana women at the Gallup facility were subjected to the same type of treatment alleged in her complaint. The affidavit attached to her motion, signed by Ms. Doane and Ms. Morris, states only that "The women from Montana suffered horrendously in New Mexico."

Other allegations in the motion are conclusory statements taken from the language of Rule 23 and provide no basis on which the Court can ascertain whether any questions of fact common to the "Montana women" exist. In addition, a mere allegation that "systemic failures" exist and are applicable to all putative class members does not suffice to establish a common question of law. J.B. v. Valdez, 186 F.3d 1280, 1289 (10th Cir. 1999).

Similarly, Nilsen has failed to provide the Court with any evidence that her claims are typical of the claims of other Montana women housed at Gallup. She alleges that she was not provided medication for a severe psoriasis condition, that she received a number of infraction citations in retaliation for filing grievances and bringing litigation against defendants, that while in segregation she was denied the right to correspond with the court, her attorney, and her family members, and that defendants failed to protect her against threats and verbal abuse by other inmates. She has not provided any information as to the nature of the claims of other Montana women housed at the Gallup facility, as is her burden, and the Court has no basis for a finding of typicality.

Finally, Nilsen must show that she, as the representative party, will fairly and adequately protect the interests of the class. Nilsen has shown herself to be a vigorous litigator; however, "[c]ourts are reluctant to certify a class represented by a pro se litigant because a layman representing himself is considered 'to be clearly too limited to allow him to risk the rights of

5

others.' Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)." Harris v. Correction Management Affiliates, Inc., 92 F.3d 1196 (Table, text in Westlaw), No. 96-6133, 1996 WL 416739, at * 1 (10th Cir. July 26, 1996). She does request appointment of counsel; however, for the reasons given below, that request will be denied. In any case, the Court finds it unnecessary to determine whether Nilsen has met the "adequacy of representation" requirement, since failure to establish any one of the Rule 23(a) elements is fatal to certification. On this ground, the Court denies Nilsen's motion to certify the proposed class.

Although it is not necessary to proceed to part (b) of Rule 23, given the findings under part (a), the Court notes that Nilsen has not made any showing under Rule 23(b)(1) that the prosecution of separate actions by Ms. Doane or Ms. Moore, or other Montana women, would lead to inconsistent adjudications and thereby establish incompatible standards of conduct for defendants. In addition, the record shows that adjudication of her individual claims would not substantially impair the ability of other Montana women to protect their interests. As was true in Reed v. Bowen, 849 F.2d 1307, 1313 (10th Cir. 1988), "[t]here is no suggestion made by [Plaintiff] or inferable from the record that any putative class members relied on the pendency of this suit to assert their grievance" against these defendants. There is no impediment to Ms. Doane and Ms. Moore bringing their own lawsuits, if they wish to assert claims arising from their treatment at the Gallup facility. *See*, Sule v. Story, 82 F.3d 427 (Table, text in Westlaw), No. 95-1422, 1996 WL 170156, at *1 (10th Cir. Apr. 11, 1996).

Furthermore, Nilsen has not made a showing under Rule 23(b)(2), in connection with her request for injunctive relief, that Defendants have acted on grounds generally applicable to the class, nor has she brought forth any facts to support her assertion under Rule 23(b)(3), that

6

questions of law or fact common to the members of the class predominate over questions affecting individual members, and that a class action is superior to other adjudicative methods.

### B. Amending the Complaint to Add Parties

A plaintiff may amend a complaint once as a matter of course, at any time before a responsive pleading is filed. F. R. Civ. P. 15(a). Defendant's motion to dismiss is not considered a responsive pleading for purposes of this rule, Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1131 (10th Cir. 1994), but Nilsen has already amended her complaint at least once and therefore would be permitted to file a further amended pleading only by order of the Court. F. R. Civ. P. 15.

F. R. Civ. P. 15(a) provides that leave to amend shall be freely given. This liberality in granting leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits; however, this policy is not limitless, Calderon v. Kansas Dep't of Social & Rehabilitation Servs., 181 F.3d 1180, 1185-86 (10th Cir. 1999), and "this does not mean that [amendments] can go on indefinitely." DeBry v. Transamerica Corp., 601 F.2d 480, 492 (10th Cir. 1979).

An amended complaint will not be allowed if it seeks to add new parties without specifying facts which link the parties to any injury alleged in the original complaint. Ketchum v. Cruz, 961 F.2d 916, 920-21 (10th Cir. 1992). Nilsen has not attached a copy of her proposed amended complaint as required by local rules (D.N.M.LR-Civ. 15.1). She has failed to specify any facts linking the two new plaintiffs with the injuries alleged in her complaint, which included First and Eighth Amendment claims based on retaliation for her litigation activities, failure to timely fill her prescription, refusal to allow her mail privileges while in segregation, and placing her in harm's

7

way by leaving her alone in the segregation unit with a threatening inmate. As noted above, Ms. Doane and Ms. Morris may file their own complaints if they wish to proceed against defendants. The motion to amend and to certify a class is denied.

## Motion for Appointment of Counsel

In connection with her motion to certify a class, Nilsen also seeks appointment of counsel, asserting that the issues are complex and may require expert testimony, the proceedings will require discovery of documents and depositions of a number of witnesses, and plaintiff has no legal education.

Factors the Court weighs when considering a motion for appointment of counsel include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In that case, the circuit court upheld denial of counsel in a case where the plaintiff:

> has a firm grasp of the fundamental issues in his case and appears to be capable of presenting his case intelligently and coherently. Furthermore, the issues in this case were not particularly complex . . . Mr. Rucks has also failed to demonstrate the existence of any special circumstances such as those in McCarthy v. Weinberg, where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication . . . While we do not quarrel with Mr. Rucks's assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.

Rucks, at 979. The issues in this case are not particularly complex. The Court finds that Nilsen understands the issues and appears to be representing herself in an intelligent and capable manner. Her request for appointment of counsel is denied.

8

## Motion for Extension of Time

Plaintiff's request for an extension of time to respond to Defendant's motion to dismiss will be granted. She seeks additional time "to ask the judge for a ruling to appoint attorneys for Plaintiffs and certify class for these proceedings." Those requests have now been denied, but the case will proceed on Nilsen's individual causes of action against the three remaining defendants as directed in the Court's order of December 9, 1999. Defendants' motion to dismiss addressed these parties and claims, and the Court finds that good cause exists to allow Nilsen an extension of time to respond to that motion.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend, certify a class, and for appointment of counsel [Doc. 42] is denied;

IT IS FURTHER ORDERED that Plaintiff's motion for an extension of time [Doc. 43] is granted, and Plaintiff is directed to file and serve her response to Defendants' motion to dismiss within 30 days from the date on which this order is filed; Defendants' reply, if any, must be filed within 14 days after service of the response.

UNITED STATES DISTRICT JUDGE